[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joseph K. Mimms, moves (#125) for judgment in accordance with an alleged settlement agreement between himself and the defendants, Darien Capital Management, Inc. (Darien Capital) and its principal officer, Gregory M. Hryb. The underlying action involves a claim that Darien Capital promised to pay the plaintiff $50,000 if his employment was terminated for reasons other than "demonstrated cause," and that the individual defendant, Hryb, personally guaranteed this payment. The complaint alleges that he was terminated by Darien Capital, but that the defendants refused to pay him the severance fee in accordance with their written agreement.
The motion to enforce a settlement agreement is based on the seminal case in this area, Audubon Associates. Ltd. Partnershipv. Barclay Stubbs, Inc., 225 Conn. 804, 626 A.2d 729 (1993). "A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous." Id., 811. However, this authority of the court is limited to "when the parties do not dispute the terms of the agreement." Id., 812. In Audubon the settlement agreement was announced in open court during jury selection, and the defendants stated before the trial judge that they agreed with the settlement terms. Id., 806. Audubon is not limited to settlements occurring during court proceedings, but it does require clear and unambiguous terms of a settlement agreement. CT Page 14119
The situation in Audubon differs from what occurred in this case. The defendants did not sign or see any settlement papers, nor did they announce in open court their agreement to the terms of a settlement. Furthermore, the defendant Hryb, on behalf of himself and Darien Capital, disputes whether he even authorized their attorney to enter into a settlement agreement.
A hearing was held with regard to the plaintiff's motion to enforce the purported settlement agreement and the following facts are found. The case was to be tried on July 31, 1995, before an attorney trial referee. About a week before the trial date, the attorneys for both parties engaged in discussions concerning a possible settlement of the plaintiff's claim for $36,000. Counsel for the defendants, Attorney John V. A. Murray, testified that his clients authorized him to settle for that amount and that he communicated this agreement to counsel for the plaintiff on July 24, 1995. Attorney Murray testified that he thereafter prepared and forwarded to the plaintiff's attorney a general release, a release of attachment and a withdrawal of the action. Attorney Murray also advised the court that the case was settled and the trial was accordingly canceled.
Two days later, the plaintiff's attorney was advised by Attorney Murray, after the latter talked with his clients, that the $36,000 could not be paid until on or about August 1, 1995, because Mr. Hryb had to sell some securities in order to pay the settlement figure. On July 28, 1995, Mr. Hryb advised his attorney that he had decided not to settle the case, and Attorney unambiguous;" Audubon, supra, 225 Conn. 811; and the intent in this case is not clear or unambiguous. Although surely a close case, it cannot be determined as a matter of law. Therefore, the defendant is entitled to an opportunity to contest the plaintiff's claim on its merits in court.
Accordingly, the plaintiff's motion to enforce the settlement agreement is denied.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of December, 1995.
William B. Lewis, Judge. CT Page 14120